IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ELLIOT DAVIS | § | PLAINTIFF |
| | § | |
| V. | § | Civil No.1:09CV484HSO-JMR |
| | § | |
| GREAT WEST CASUALTY CO., et al | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND

BEFORE THE COURT is the Motion to Remand [7] of Plaintiff Elliot Davis. Defendants Great West Casualty Company, Old Republic International Corporation, and Old Republic General Insurance Group, Inc., allegedly incorrectly sued as Old Republic Insurance Group (collectively referred to as "Great West"), have filed a Response [13]. Plaintiff did not file a Reply. After consideration of the Motion, the pleadings, the record in this case, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Plaintiff's Motion to Remand should be granted.

### I. BACKGROUND

Plaintiff filed his Complaint on or about October 16, 2002, in the Circuit Court of Jackson County, Mississippi, against Defendants Great West Casualty Company, Old Republic International Corporation, individually and doing business as Great West Casualty Company, Old Republic Insurance Group, individually and doing business as Great West Casualty Company, Buford S. Hubbard, and John and Jane Does A-F. Plaintiff raised state law claims against Defendants for the alleged

-1-

wrongful denial of insurance benefits on his 1987 International tractor trailer, which was destroyed by fire. *See* Pl.'s Compl. ¶ 8-11. Plaintiff sought actual, compensatory, and punitive damages in an amount not to exceed $74,999.00. *See id.* ¶ 26. At the time of filing the Complaint, Defendant Buford S. Hubbard was believed to be a resident of the State of Mississippi.

On June 17, 2009, Plaintiff filed his First Amended Complaint. The Amended Complaint did not include Buford S. Hubbard as a Defendant and omitted any limitation on Plaintiff's damages. As a result of this pleading, Great West removed the case to this Court on July 17, 2009, asserting that the parties were diverse and that the amount in controversy exceeded $75,000.00, exclusive of interest and costs, such that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. However, prior to removal, on June 30, 2009, the State court entered an Order dismissing Plaintiff's claim for punitive damages. Plaintiff's Motion to Remand, filed September 13, 2009, contends that removal was untimely.

## II. <u>DISCUSSION</u>

Section 1441 of title 28 of the United States Code provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. *See* 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1332, federal district courts have subject matter jurisdiction over all civil actions where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is diversity of citizenship. *See* 28 U.S.C. § 1332.

Section 1446 governs the procedure for removal. Subpart (b) provides in part

that:

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

There is no dispute that Plaintiff's initial Complaint was not removable, or that Defendants removed this action more than one year after its commencement. The parties instead disagree about whether Defendants' untimely removal is permissible pursuant to *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). Under the law of this Circuit, "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." *Tedford*, 327 F.3d at 428-29. Because the Court finds that Plaintiff has waived his right to contest any procedural defects in the removal of this action, it matters not whether equitable tolling would be appropriate here.

Pursuant to 28 U.S.C. § 1447 "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). This Circuit has found that § 1446(b)'s one year "time limitation for removal is not jurisdictional; it is merely 'modal and formal and may be waived.'"

*Barnes v. Westinghouse Electric Corp.*, 962 F.2d 513, 516 (5th Cir. 1992). Plaintiff filed his Motion to Remand some fifty-eight days after Defendants filed their Notice of Removal.[1] Plaintiff has therefore waived the right to contest Defendants' untimely removal, such that the Court will not grant Plaintiff's Motion on this ground. *See id.*

Nevertheless, federal courts are courts of limited jurisdiction, and cannot entertain cases unless authorized to do so by the Constitution and legislation. *See Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). A party may neither consent to nor waive federal subject matter jurisdiction. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999). Thus, a federal court is duty-bound to examine the basis for its jurisdiction, *sua sponte* if necessary. *See Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (*quoting Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)).

It is clear from the record that diversity of citizenship exists among the parties. A question remains whether the jurisdictional amount in controversy is satisfied. Plaintiff's Amended Complaint contains no specific monetary demand, but instead seeks actual, compensatory, and punitive damages "in an amount to be determined by a Jury." Pl.'s Am. Compl. ¶ 26. The Fifth Circuit Court of Appeals

---

[1] Plaintiff contends that the thirty day time requirement of § 1447(c) should have been tolled until August 12, 2009, the date the Court entered an Order permitting amendment of an alleged clerical error on Defendants' Notice of Removal. Even if the Court were to toll the thirty day remand clock, Plaintiff should have moved for remand on or before September 11, 2009. Plaintiff's Motion to Remand was not filed until September 13, 2009.

has explained that

> "[w]hen the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional amount. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993). This burden may be fulfilled in one of two ways. First, jurisdiction will be proper if "it is facially apparent from the plaintiffs' complaint that their "claims are likely above [$75,000]." [*Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)]. If the value of the claims is not apparent, then the defendants "may support federal jurisdiction by setting forth the *facts*-[either] in the removal petition [or] by affidavit- that support a finding of the requisite amount." *Id.*

*Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003) (emphasis in original).

Just prior to removal of this action, the State court dismissed Plaintiff's claim for punitive damages. *See* Circuit Court Orders filed June 30, 2009, attached as Ex. "A" to Notice of Removal. Defendants maintain that, even in the absence of any claim for punitive or exemplary damages, the amount in controversy exceeds $75,000.00. *See* Defs.' Resp. at p. 15-16; *see also* Not. of Removal ¶ 4 ("[t]hat the amount sued upon exceeds that jurisdictional limits of the Court..."). "Removal, however, cannot be based simply upon conclusory allegations." *Allen*, 63 F.3d at 1335.

Upon review of the record, including the Amended Complaint and Defendants' submissions, and in the absence of the punitive damages claim, the amount in controversy in this case is not clear. For instance, Defendants have not adduced any evidence as to the value of the truck or the size of Plaintiff's actual damages claim pursuant to the insurance policy. As the removing party, it was

Defendants' burden to prove by a preponderance of the evidence that the amount in controversy in this case exceeded the jurisdictional amount. The Court finds that Defendants have not met their burden. It is neither facially apparent from the pleadings that the amount in controversy is satisfied, nor have Defendants submitted sufficient summary judgment type evidence to establish that the amount in controversy exceeds $75,000.00. Because "[t]he removal statute is... strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand," *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) (*citing Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)), the Court concludes that this case must be remanded to the Circuit Court of Jackson County, Mississippi.

### III. CONCLUSION

Plaintiff has waived any right to object to Defendants' untimely removal of this action by not moving for remand within the thirty day time period prescribed by 28 U.S.C. § 1447(c). Nevertheless, this Court lacks subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332. This matter must be remanded to the Circuit Court of Jackson County, Mississippi.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion to Remand [7] of Plaintiff Elliot Davis, filed in the above captioned cause, should be and hereby is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the above-captioned cause is hereby remanded to the Circuit Court of Jackson County,

Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 29 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 9th day of February, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE